# Exhibit A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | |
|---|---|
| NICOLE STEWART SIZER, | C.A. No. 05C-05-023 WLW |
| Plaintiff, | |
| v. | PRAECIPE |
| INDEPENDENT NEWSPAPERS, INC., a Delaware corporation, | |
| Defendant. | |

TO: PROTHONOTARY
Kent County Courthouse
38 The Green
Dover, DE   19901

PLEASE DOCKET the attached Complaint and related pleadings and issue the attached Summons to the Sheriff of Kent County and direct him to serve the same, along with copies of the Complaint, upon Defendant Independent Newspapers, Inc., by serving its registered agent for service of process, Independent Newspapers, Inc., 554 Garton Road; P.O. Box 7001, Dover, Delaware 19903.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE   19903
(302) 674-0140
Attorneys for Plaintiff

DATED: 5-13-05
NEP:pmw

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

NICOLE STEWART SIZER,      *    C.A. No. 05C-05-023 WLW

          Plaintiff,        *    ARBITRATION CASE

          v.                  *    TRIAL BY JURY DEMANDED

INDEPENDENT NEWSPAPERS, INC.,
a Delaware corporation,

          Defendant.

### SUMMONS

THE STATE OF DELAWARE,
TO THE SHERIFF OF KENT COUNTY:
YOU ARE COMMANDED:

To summon the above-named Defendant so that, within 20 days after service hereof upon Defendant, exclusive of the day of service, Defendant shall serve upon NOEL E. PRIMOS, Plaintiff's attorney, whose address is 414 South State Street, Dover, Delaware 19901, an Answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon Defendant a copy hereof and of the Complaint (and of the affidavit of demand if any has been filed by Plaintiff).

Dated: _____

                _____
                Prothonotary

                _____
                Per Deputy

TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an Answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the Complaint (or in the affidavit of demand, if any).

                _____
                Prothonotary

                _____
                Per Deputy

RECEIVED AND FILED
05 MAY 13 PM 3:36
KENT COUNTY
PROTHONOTARY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NICOLE STEWART SIZER, | * | C.A. No. 05C-05-023 WLW |
| Plaintiff, | * | ARBITRATION CASE |
| v. | * | TRIAL BY JURY DEMANDED |
| INDEPENDENT NEWSPAPERS, INC., a Delaware corporation, | * | |
| Defendant. | * | |

RECEIVED AND FILED
05 MAY 13 PM 3:36
KENT COUNTY PROTHONOTARY

### COMPLAINT

1. Plaintiff Nicole Stewart Sizer (hereinafter "Plaintiff"), a/k/a Nicole Stewart, is a resident of the State of Delaware, residing at 56 Simms Woods Road, Dover, Delaware 19901.

2. Defendant Independent Newspapers, Inc. (hereinafter "Defendant") is a Delaware corporation whose registered agent for service of process is Independent Newspapers, Inc., 554 Garton Road, P.O. Box 7001, Dover, Delaware 19903.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of 19 Del. C. §710 et seq.

4. Jurisdiction is conferred on this Court by 19 Del. C. §715.

5. Plaintiff brings this action pursuant to 19 Del. C. §710 et seq. to redress the wrongs done to her by Defendant's discrimination against her on the basis of her sex.

6. On or about April 2, 2004, Plaintiff timely submitted a complaint of discrimination on the basis of sex to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the DDOL.

8. Plaintiff has timely filed this Complaint within ninety (90) days of her receipt of the Notice of Right to Sue.

9. Plaintiff is a female.

10. Prior to her termination by Defendant, Plaintiff was employed by Defendant as a Circulation Administration Specialist at its business location at 421 Webbs Lane, Dover, Delaware 19904.

11. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

12. Plaintiff was employed by Defendant from on or about June 9, 2002, to on or about January 28, 2004.

13. In or about June 2003, Plaintiff discovered that she was pregnant and so informed Defendant.

14. In or about July 2003, Plaintiff began a new position as a Circulation Administration Specialist.

15. Subsequently, due to medical complications relating to her pregnancy, Plaintiff's physician restricted Plaintiff's activities.

16. In early January 2004, Plaintiff informed Defendant that, under the instructions of her physician, she would be required to take medical leave for the remainder of her pregnancy and would be allowed to return to full duty approximately six (6) weeks following delivery. Plaintiff's supervisor, Tera Pace, then instructed Plaintiff that she should take a full twelve (12) weeks following delivery (the pregnancy leave available to Plaintiff

pursuant to Defendant's policies) before returning to work, and Plaintiff agreed with Ms. Pace that she would take twelve (12) weeks of said leave.

17. At or about the same time, Plaintiff submitted to Defendant a written application for leave pursuant to the Family and Medical Leave Act.

18. On or about January 28, 2004, Defendant, through its agent, Ms. Pace, terminated Plaintiff without giving a stated reason. When Plaintiff requested a reason from Ms. Pace, Ms. Pace informed her that Defendant did not have to provide a reason for Plaintiff's termination.

19. Defendant's aforesaid termination of Plaintiff represented discrimination against Plaintiff on the basis of her sex, i.e., her pregnancy, in violation of 19 Del. C. §710 et seq.

20. In addition, Defendant, in terminating Plaintiff, wrongly interfered with, restrained, and denied Plaintiff's exercise of and attempt to exercise her rights under the Family and Medical Leave Act, 29 U.S.C. §2601 et seq., and retaliated against Plaintiff for her attempts to exercise said rights.

21. As a direct result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

22. The wrongful acts committed by Defendant, as stated hereinabove, were wilful, wanton, and committed in bad faith.

### COUNT I -- VIOLATION OF 19 DEL. C. §710 ET SEQ.

23. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 22 hereinabove.

24. By committing the aforementioned acts, Defendant has discriminated against Plaintiff on the basis of her sex in violation of 19 Del. C. §710 et seq.

25. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

   a. Back pay, including interest;

   b. Reinstatement if feasible, or in the alternative, front pay;

   c. Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

   d. Punitive damages;

   e. Pre-judgment and post-judgment interest;

   f. Attorney's fees; and

   g. Any other relief that this Court deems just.

### COUNT II -- FAMILY AND MEDICAL LEAVE ACT

26. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 25 hereinabove.

27. Defendant has wrongfully interfered with, restrained, and denied Plaintiff's exercise of and intent to exercise her

rights under the Family and Medical Leave Act, 29 U.S.C. §2601 et seq., and has retaliated against Plaintiff for attempting to exercise said rights.

28. Defendant had no reasonable grounds for believing that its wrongful acts as described hereinabove were not in violation of the Family and Medical Leave Act.

29. As a direct result of the wrongful conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

30. This Court has jurisdiction over this cause of action pursuant to 29 U.S.C. §2617(a)(2).

WHEREFORE, Plaintiff demands judgment against Defendant for:

A. Any and all damages provided by 29 U.S.C. §2617(a)(1), including but not limited to, lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all other available pecuniary damages;

B. Pre-judgment and post-judgment interest;

C. Attorney's fees and costs;

D. Reinstatement, if feasible; and

E. Any and other relief, whether legal or equitable, that this Court deems just and appropriate.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE   19903
(302) 674-0140
Attorneys for Plaintiff

DATED: 5-13-05
NEP:pmw

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: N (K) S    CIVIL ACTION NUMBER: 05C-05-023 ⟨JW⟩

CIVIL CASE CODE: OTHR - wrongful termination    CIVIL CASE TYPE: _____
(SEE REVERSE SIDE FOR CODE AND TYPE)

| CAPTION: | NAME AND STATUS OF PARTY FILING DOCUMENT: |
|---|---|
| NICOLE STEWART SIZER, Plaintiff, v. INDEPENDENT NEWSPAPERS, INC., a Delaware corporation, Defendant. | Nicole Stewart Sizer, Plaintiff  DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM) Complaint  ARBITRATION  X   NON-ARBITRATION ____ (CERTIFICATE OF VALUE MAY BE REQUIRED)  JURY DEMAND ____ YES ____ NO  TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE)  EXPEDITED  (STANDARD)  COMPLEX |

| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
|---|---|
| Noel E. Primos, Esq. | |
| FIRM NAME: Schmittinger & Rodriguez, P.A. | |
| ADDRESS: 414 S. State Street Dover, De 19901 | EXPLAIN THE RELATIONSHIP(S): _____  RECEIVED AND FILED  05 MAY 13 PM 3:06  KENT COUNTY PROTHONOTARY |
| TELEPHONE NUMBER: (302) 674-0140 | |
| FAX NUMBER: (302) 678-6580 | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: _____ |
| E-MAIL ADDRESS: nprimos@schmittrod.com | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.