IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICOLE STEWART SIZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 05-333 GMS |
| ) | |
| INDEPENDENT NEWSPAPERS, INC., ) | |
| a Delaware Corporation, ) | |
| ) | |
| Defendant. | |

## ANSWER TO COMPLAINT

Defendant, by and through the undersigned counsel, hereby answers Plaintiff's Complaint as follows:

1. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation.

2. Admitted.

3. Admitted.

4. This allegation states a legal conclusion as to which no response is required. By way of further answer, this Court has supplemental jurisdiction of the allegations of the Complaint made pursuant to 19 Del. C. § 710 et seq.

5. Admitted that Plaintiff purports to bring this action pursuant to 19 Del. C. § 710 et seq. Otherwise, the allegations of this paragraph are denied.

6. Admitted that Plaintiff filed charges of discrimination with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC"). Defendant is without knowledge sufficient to form a belief as to the date Plaintiff filed such charges. By way of further answer, Defendant preserves all affirmative defenses set

forth herein, including without limitation, all defenses related to the timeliness of the charge and/or Plaintiff's failure to exhaust administrative remedies as to some or all of her claims.

7. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation.

8. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation. By way of further answer, Defendant preserves all affirmative defenses set forth herein, including without limitation, all defenses related to the timeliness of the charge and/or Plaintiff's failure to exhaust administrative remedies as to some or all of her claims.

9. Admitted.

10. Admitted.

11. Denied.

12. Admitted.

13. Defendant is without knowledge sufficient to form a belief as to the date when Plaintiff became aware that she was pregnant. Defendant admits that Plaintiff informed Defendant's representatives of her pregnancy.

14. Admitted.

15. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation.

16. Denied. By way of further answer, Plaintiff falsified a medical record written her physician.

17. Denied. By way of further answer, Plaintiff falsified a medical record written by her physician.

18. Denied. By way of further answer, it is admitted that Plaintiff was terminated on or about January 28, 2004.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT I – VIOLATION OF 19 DEL. C. § 710 *ET SEQ.*

23. Defendant incorporates by reference its answers to paragraphs 1 through 22, as if fully set forth herein.

24. Denied.

25. Denied.

## COUNT II – FAMILY AND MEDICAL LEAVE ACT

26. Defendant incorporates by reference its answers to paragraphs 1 through 25, as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

31. Plaintiff's complaint fail to state a claim upon which relief can be granted.

## Second Affirmative Defense

32. Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative remedies and/or other applicable federal or state statutes of limitation, jurisdictional and/or administrative requirements.

## Third Affirmative Defense

33. Plaintiff's claims fail in whole or in part because at all times Defendant made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

## Fourth Affirmative Defense

34. Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

## Fifth Affirmative Defense

35. Plaintiff has waived or is estopped from asserting her claims.

## Sixth Affirmative Defense

36. Plaintiff's Complaint may be denied in whole or in part with the doctrine of after-acquired evidence.

WHEREFORE, Defendant respectfully requests that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Barry M. Willoughby

Barry M. Willoughby, Esquire (No. 1016)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19879-0391
Telephone: (302) 571-6666; 5008
Facsimile: (302) 576-3345; 3476
bwilloughby@ycst.com
mdibianca@ycst.com
Attorneys for Defendant

Dated: June 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2005, I electronically filed a true and correct copy of the foregoing Answer to Complaint with the Clerk of the Court using CM/ECF. A copy of such Answer to Complaint was mailed, First Class Mail, postage prepaid to the following person:

>Noel E. Primos, Esquire
>Schmittinger & Rodriguez
>414 South State Street
>P.O. Box 497
>Dover, DE 19903


YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ 

Barry M. Willoughby, Esquire (No. 1016)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; 5008
Facsimile: (302) 576-3345; 3476
bwilloughby@ycst.com
mdibianca@ycst.com
Attorneys for Defendant

Dated: June 8, 2005