IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICOLE STEWART SIZER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>INDEPENDENT NEWSPAPERS, INC., )<br>a Delaware Corporation, )<br>)<br>Defendant. | Civil Action No. 05-333 GMS |

## JOINT STATUS REPORT

This 26th day of August, 2005, the parties having satisfied their obligation under Fed. R.Civ.P. 16 in preparation for a pretrial scheduling conference pursuant to Fed. R.Civ.P. 16 and D.Del. LR 16.2(b), the parties submit the following joint status report:

1. **Jurisdiction and Service.** This Court has subject matter jurisdiction, all parties are subject to the court's jurisdiction, and no parties remain to be served.

2. **Substance of the Action.**

<u>By the Plaintiff</u>

Plaintiff alleges that she was improperly terminated from employment because of her pregnancy and in violation of the Family Medical Leave Act ("FMLA").

DB01:1829484 1                                                                 040111 1008

<u>By the Defendant</u>

Defendant denies the allegations of the complaint in their entirety. Defendant terminated Plaintiff because of her improper alteration of a medical records submitted to her employer.

3. **Identification of Issues.** The factual and legal issues genuinely in dispute include:

   a. Whether Plaintiff can establish a prima facie case of discrimination based on her pregnancy.

   b. Whether Plaintiff can establish a prima face case of a violation of the Family Medical Leave Act.

   c. Whether Plaintiff can rebut Defendant's alleged legitimate, non-discriminatory reasons for its actions.

   d. Whether Plaintiff can establish that Defendant's alleged legitimate non-discriminatory reasons were in reality a pretext for illegal discrimination.

   e. Whether Plaintiff can prove that Defendant's actual, subjective motive for discharging her was because she was pregnant and/or in retaliation for her attempted exercise of her FMLA rights.

   f. Whether Plaintiff has suffered any damages.

4. **Narrowing of Issues.** At this point, the parties are not aware of any manner by which the issues in litigation may be narrowed by agreement or by motion.

5. **Relief.** The monetary relief sought by Plaintiff includes back pay, front pay, prejudgment and post judgment interest, and statutory damages.

6. **Amendment of Pleadings.** The parties propose that they may amend

the Pleadings as provided in the Case Scheduling Order. Plaintiff is expected to seek to amend her Complaint to raise allegations under Title VII of the Civil Rights Act of 1964 upon receiving a Right to Sue letter from the Equal Opportunity Employment Commission. Defendant agrees to such amendment provided that Plaintiff dismisses her state law employment discrimination claims as provided by statute.

7. **Joinder of Parties.** Subject to the preceding paragraph, no other parties need to be joined at this time. Parties have proposed until October 3, 2005, to file motions to join other parties and amend pleadings.

8. **Discovery.** Plaintiff contemplates the need for five (5) depositions in addition to the usual exchange of documents and interrogatories. Defendant contemplates the need for up to five (5) depositions, including the Plaintiff and her physician. In addition, Defendant contemplates taking the depositions of any expert witnesses Plaintiff identifies. Written Discovery was commenced with the Court's permission following the July 29, 2005 telephone scheduling conference. The parties estimate that they will require until January 1, 2006 for full and complete discovery. They propose that expert witnesses be identified and expert reports be produced by January 15, 2006.

The parties are not aware at this time of any potential means to limit discovery, or of any less costly and time-consuming methods available to obtain necessary information. Defendant expects to file case dispositive motions at the conclusion of discovery and requests that Case dispositive motions with supporting briefs be filed by February 2, 2006.

9. **Estimated trial length.** The parties estimate that trial will take no longer than three (3) days. The parties are unaware at this time of any possibility of

3

bifurcating issues for trial, nor of means to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence. However, should it appear at a later time that such means are feasible, the parties will consider them.

10. **Jury Trial.** A jury trial has been demanded.

11. **Settlement.** There have been no settlement discussions as of this time. The parties propose that the case be referred to the U.S. Magistrate for mediation.

12. **Other Matters.** Counsel are not aware of other matters that need to be considered.

13. **Statement.** Counsel for the parties have conferred about each of the above matters.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: /s/ NOEL E. PRIMOS
Noel E. Primos, Esquire (ID No. 3124)
414 South State Street
P.O. Box 497
Dover, DE 19901
(302) 674-0140; (302) 678-6580
nprimos@schmittrod.com
Attorneys for Plaintiff

YOUNG CONAWAY STARGATT & TAYLOR, LLP

BY: _____
Barry M. Willoughby (I.D. No. 1016)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391 Wilmington, DE 19801
(302) 571-6666; (302) 576-3345
bwilloughby@ycst.com
Attorneys for Defendant