IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICOLE STEWART SIZER, | * | C.A. No. 05-333-GMS |
| Plaintiff, | * | |
| v. | * | TRIAL BY JURY DEMANDED |
| INDEPENDENT NEWSPAPERS, INC., a Delaware corporation, | * | |
| Defendant. | * | |

### *FIRST AMENDED COMPLAINT*

1. Plaintiff Nicole Stewart Sizer (hereinafter "Plaintiff"), a/k/a Nicole Stewart, is a resident of the State of Delaware, residing at 56 Simms Woods Road, Dover, Delaware 19901.

2. Defendant Independent Newspapers, Inc. (hereinafter "Defendant") is a Delaware corporation whose registered agent for service of process is Independent Newspapers, Inc., 554 Garton Road, P.O. Box 7001, Dover, Delaware 19903.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of 42 U.S.C. §2000e *et seq.*

4. Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5(f)(3) and by 28 U.S.C. §1343.

5. Plaintiff brings this action pursuant to 42 U.S.C. §2000e *et seq.* to redress the wrongs done to her by Defendant's discrimination against her on the basis of her sex.

6. On or about April 2, 2004, Plaintiff timely submitted a complaint of discrimination on the basis of sex to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity

Commission ("EEOC").

7. Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the EEOC.

8. Plaintiff has timely filed this Amended Complaint within ninety (90) days of her receipt of the Notice of Right to Sue.

9. Plaintiff is a female.

10. Prior to her termination by Defendant, Plaintiff was employed by Defendant as a Circulation Administration Specialist at its business location at 421 Webbs Lane, Dover, Delaware 19904.

11. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

12. Plaintiff was employed by Defendant from on or about June 9, 2002, to on or about January 28, 2004.

13. In or about July 2003, after she received a promotion to Circulation Administration Specialist, Plaintiff discovered that she was pregnant and so informed Defendant.

14. In or about July 2003, Plaintiff began a new position as a Circulation Administration Specialist.

15. Subsequently, due to medical complications relating to her pregnancy, Plaintiff's physician restricted Plaintiff's activities.

16. In early January 2004, Plaintiff informed Defendant that, under the instructions of her physician, she would be required to take medical leave for the remainder of her pregnancy and would be allowed to return to full duty approximately six (6) weeks following delivery. Plaintiff's supervisor, Tera Pase, then

instructed Plaintiff that she should take a full twelve (12) weeks following delivery (the pregnancy leave available to Plaintiff pursuant to Defendant's policies) before returning to work, and Plaintiff agreed with Ms. Pase that she would take twelve (12) weeks of said leave.

17.  At or about the same time, Plaintiff submitted to Defendant a written application for leave pursuant to the Family and Medical Leave Act.

18.  On or about January 28, 2004, Defendant, through its agent, Ms. Pase, terminated Plaintiff without giving a stated reason. When Plaintiff requested a reason from Ms. Pase, Ms. Pase informed her that Defendant did not have to provide a reason for Plaintiff's termination.

19.  Defendant's aforesaid termination of Plaintiff represented discrimination against Plaintiff on the basis of her sex, *i.e.*, her pregnancy, in violation of 42 U.S.C. §2000e *et seq.*

20.  In addition, Defendant, in terminating Plaintiff, wrongly interfered with, restrained, and denied Plaintiff's exercise of and attempt to exercise her rights under the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*, and retaliated against Plaintiff for her attempts to exercise said rights.

21.  As a direct result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

22.  The wrongful acts committed by Defendant, as stated hereinabove, were wilful, wanton, and committed in bad faith.

### COUNT I -- VIOLATION OF 42 U.S.C. §2000e *ET SEQ.*

23. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 22 hereinabove.

24. By committing the aforementioned acts, Defendant has discriminated against Plaintiff on the basis of her sex in violation of 42 U.S.C. §2000e *et seq.*

25. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

    a.    Back pay, including interest;

    b.    Reinstatement if feasible, or in the alternative, front pay;

    c.    Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

    d.    Punitive damages;

    e.    Pre-judgment and post-judgment interest;

    f.    Attorney's fees; and

    g.    Any other relief that this Court deems just.

### COUNT II -- FAMILY AND MEDICAL LEAVE ACT

26. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 25 hereinabove.

27. Defendant has wrongfully interfered with, restrained, and denied Plaintiff's exercise of and intent to exercise her rights under the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*, and has retaliated against Plaintiff for attempting to exercise said rights.

28. Defendant had no reasonable grounds for believing that its wrongful acts as described hereinabove were not in violation of the Family and Medical Leave Act.

29. As a direct result of the wrongful conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

30. This Court has jurisdiction over this cause of action pursuant to 29 U.S.C. §2617(a)(2).

WHEREFORE, Plaintiff demands judgment against Defendant for:

    A.    Any and all damages provided by 29 U.S.C. §2617(a)(1), including but not limited to, lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all other available pecuniary damages;

    B.    Pre-judgment and post-judgment interest;

    C.    Attorney's fees and costs;

    D.    Reinstatement, if feasible; and

    E.    Any and other relief, whether legal or equitable, that this Court deems just and appropriate.

```
                                    SCHMITTINGER & RODRIGUEZ, P.A.

                                    BY: _____
                                         NOEL E. PRIMOS, ESQUIRE
DATED: 9-29-05                           Bar I.D. #3124
NEP:pmw                                  414 S. State Street
                                         P.O. Box 497
                                         Dover, DE   19903
                                         (302) 674-0140
                                         Attorneys for Plaintiff
```