# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICOLE STEWART SIZER, | * | C.A. No. 05-333-GMS |
| Plaintiff, | * | |
| v. | * | TRIAL BY JURY DEMANDED |
| INDEPENDENT NEWSPAPERS, INC., a Delaware corporation, | * | |
| Defendant. | * | |

### *FIRST AMENDED COMPLAINT*

1. Plaintiff Nicole Stewart Sizer (hereinafter "Plaintiff"), a/k/a Nicole Stewart, is a resident of the State of Delaware, residing at 56 Simms Woods Road, Dover, Delaware 19901.

2. Defendant Independent Newspapers, Inc. (hereinafter "Defendant") is a Delaware corporation whose registered agent for service of process is Independent Newspapers, Inc., 554 Garton Road, P.O. Box 7001, Dover, Delaware 19903.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of [19 Del. C. §710] 42 U.S.C. §2000e et seq.

4. Jurisdiction is conferred on this Court by [19 Del. C. §715] 42 U.S.C. §2000e-5(f)(3) and by 28 U.S.C. §1343.

5. Plaintiff brings this action pursuant to [19 Del. C. §710] 42 U.S.C. §2000e et seq. to redress the wrongs done to her by Defendant's discrimination against her on the basis of her sex.

6. On or about April 2, 2004, Plaintiff timely submitted a complaint of discrimination on the basis of sex to the Delaware

Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the [DDOL] EEOC.

8. Plaintiff has timely filed this Amended Complaint within ninety (90) days of her receipt of the Notice of Right to Sue.

9. Plaintiff is a female.

10. Prior to her termination by Defendant, Plaintiff was employed by Defendant as a Circulation Administration Specialist at its business location at 421 Webbs Lane, Dover, Delaware 19904.

11. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

12. Plaintiff was employed by Defendant from on or about June 9, 2002, to on or about January 28, 2004.

13. In or about [June] July 2003, after she received a promotion to Circulation Administration Specialist, Plaintiff discovered that she was pregnant and so informed Defendant.

14. In or about July 2003, Plaintiff began a new position as a Circulation Administration Specialist.

15. Subsequently, due to medical complications relating to her pregnancy, Plaintiff's physician restricted Plaintiff's activities.

16. In early January 2004, Plaintiff informed Defendant that, under the instructions of her physician, she would be required to take medical leave for the remainder of her pregnancy and would be allowed to return to full duty approximately six (6)

weeks following delivery. Plaintiff's supervisor, Tera [Pace] <u>Pase</u>, then instructed Plaintiff that she should take a full twelve (12) weeks following delivery (the pregnancy leave available to Plaintiff pursuant to Defendant's policies) before returning to work, and Plaintiff agreed with Ms. [Pace] <u>Pase</u> that she would take twelve (12) weeks of said leave.

17. At or about the same time, Plaintiff submitted to Defendant a written application for leave pursuant to the Family and Medical Leave Act.

18. On or about January 28, 2004, Defendant, through its agent, Ms. [Pace] <u>Pase</u>, terminated Plaintiff without giving a stated reason. When Plaintiff requested a reason from Ms. [Pace] <u>Pase</u>, Ms. [Pace] <u>Pase</u> informed her that Defendant did not have to provide a reason for Plaintiff's termination.

19. Defendant's aforesaid termination of Plaintiff represented discrimination against Plaintiff on the basis of her sex, *i.e.*, her pregnancy, in violation of [19 <u>Del</u>. <u>C</u>. §710] <u>42 U.S.C. §2000e</u> *et seq.*

20. In addition, Defendant, in terminating Plaintiff, wrongly interfered with, restrained, and denied Plaintiff's exercise of and attempt to exercise her rights under the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*, and retaliated against Plaintiff for her attempts to exercise said rights.

21. As a direct result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

22. The wrongful acts committed by Defendant, as stated hereinabove, were wilful, wanton, and committed in bad faith.

**COUNT I -- VIOLATION OF [19 DEL. C. §710] 42 U.S.C. §2000e *ET SEQ.***

23. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 22 hereinabove.

24. By committing the aforementioned acts, Defendant has discriminated against Plaintiff on the basis of her sex in violation of [19 Del. C. §710] 42 U.S.C. §2000e *et seq*.

25. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

    a.    Back pay, including interest;

    b.    Reinstatement if feasible, or in the alternative, front pay;

    c.    Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

    d.    Punitive damages;

    e.    Pre-judgment and post-judgment interest;

    f.    Attorney's fees; and

    g.    Any other relief that this Court deems just.

**COUNT II -- FAMILY AND MEDICAL LEAVE ACT**

26. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 25 hereinabove.

27. Defendant has wrongfully interfered with, restrained, and denied Plaintiff's exercise of and intent to exercise her rights under the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*, and has retaliated against Plaintiff for attempting to exercise said rights.

28. Defendant had no reasonable grounds for believing that its wrongful acts as described hereinabove were not in violation of the Family and Medical Leave Act.

29. As a direct result of the wrongful conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

30. This Court has jurisdiction over this cause of action pursuant to 29 U.S.C. §2617(a)(2).

WHEREFORE, Plaintiff demands judgment against Defendant for:

A. Any and all damages provided by 29 U.S.C. §2617(a)(1), including but not limited to, lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all other available pecuniary damages;

B. Pre-judgment and post-judgment interest;

C. Attorney's fees and costs;

D. Reinstatement, if feasible; and

E. Any and other relief, whether legal or equitable, that this Court deems just and appropriate.

```
                              SCHMITTINGER & RODRIGUEZ, P.A.

                              BY:_____
                                   NOEL E. PRIMOS, ESQUIRE
                                   Bar I.D. #3124
                                   414 S. State Street
DATED:                             P.O. Box 497
NEP:pmw                            Dover, DE   19903
                                   (302) 674-0140
                                   Attorneys for Plaintiff
```